JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
THOMAS W. PORTS, JR.
601 D St. NW, 3rd Floor
Washington, D.C. 20004
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANNA

| TAYLOR ENERGY CORPORATION LLC, Plaintiff, v. UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, Defendant. | CASE NO. 2:18-cv-14065<br>Honorable Jane Milazzo<br>Magistrate Judge Michael North |
|---|---|

**FEDERAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Federal Defendants, through undersigned counsel, respond to Taylor Energy Corporation LLC's Complaint as set forth below.

**RESPONSES TO COMPLAINT ALLEGATIONS**

The paragraph numbers and headings in this Answer correspond to the paragraph numbers and headings in Plaintiff's Complaint. Federal Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.

## I. NATURE OF THE ACTION

1. The allegations in the first sentence of Paragraph 1 are the Plaintiff's description of the nature of its suit that require no response. To the extent the allegations in the first sentence of Paragraph 1 purport to characterize the October 29, 2018 decision of the Interior Board of Land Appeals ("IBLA"), that document speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language. Federal Defendants deny the allegations in the second sentence of Paragraph 1, that Taylor Energy entered the agreements as part of a "settlement" with MMS. To the extent the allegations in the second sentence of Paragraph 1 characterize the March 19, 2008 Trust Agreement, the Agreement to Provide Additional Bond, and the Agreement Between Taylor Energy and the MMS to Implement Article IV-Disbursements of the Trust Agreement, those agreements speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with their plain language, meaning, and purpose.

2. The allegations in Paragraph 2 are a description of Plaintiff's suit that require no response and purport to characterize BOEM's August 28, 2009 decision and BOEM's November 7, 2011 decision, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language or meaning of the decisions.

3. Federal Defendants admit that BOEM denied a $10,433,905.12 disbursement to Taylor Energy. The remaining allegations in Paragraph 3 constitute Plaintiff's characterization of its case, legal arguments, and legal conclusions, to which no response is required, or purport to characterize the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, BOEM's August 28, 2009 decision, BOEM's November 7, 2011 decision, and the October 29, 2018 IBLA

decision, which agreements and decisions speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny the remaining allegations, and deny any allegation inconsistent with the plain language or meaning of any agreement or decision.

## II. PARTIES

4. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and deny them on that basis.

5. Federal Defendants admit the allegations in Paragraph 5.

6. The first sentence of Paragraph 6 is Plaintiff's characterization of its Complaint, to which no response is required. Federal Defendants deny the second sentence of Paragraph 6 and aver that David Bernhardt is the Acting Secretary of the Department of the Interior. The third sentence of Paragraph 6 is a legal conclusion and purports to characterize 43 C.F.R. § 4.1, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of 43 C.F.R. § 4.1, or other applicable law.

7. The allegations in Paragraph 7 are legal conclusions, to which no response is required, and purport to characterize the Outer Continental Shelf Lands Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the Outer Continental Shelf Lands Act and its implementing regulations.

## III. JURISDICTION

8. The allegations in Paragraph 8 are legal conclusions, to which no response is required, and purport to characterize federal statutes 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331,

which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language or meaning of the statutes.

9. Federal Defendants admit that BOEM has an office in New Orleans, Louisiana. The remaining allegations in Paragraph 9 are legal conclusions, to which no response is required, or purport to characterize 28 U.S.C. § 1391(e) and the Bond Agreement, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language or meaning of the statute or Bond Agreement.

## IV. LEGAL BACKGROUND

10. The allegations in Paragraph 10 are legal conclusions, to which no response is required, and purport to characterize the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain meaning or language of the statute.

11. The allegations in Paragraph 11 are legal conclusions, to which no response is required, and purport to characterize the Administrative Procedure Act, 5 U.S.C. § 702, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain meaning or language of the statute.

12. The allegations in Paragraph 12 purport to characterize 5 U.S.C. § 551(13), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the statute.

13. The allegations in Paragraph 13 purport to characterize the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the statute.

14. The allegations in Paragraph 14 are legal conclusions, to which no response is required, and purport to characterize the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain meaning or language of the statute.

15. Federal Defendants admit the allegations in Paragraph 15.

## V. RELEVANT FACTS

16. Federal Defendants admit the allegations in Paragraph 16.

17. Federal Defendants admit the allegations in Paragraph 17.

18. Federal Defendants admit the allegations in the first and third sentences of Paragraph 18. Federal Defendants deny the allegations in the second sentence of Paragraph 18. Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 18 and, on that basis, deny them.

19. Federal Defendants admit the allegations in the first sentence of Paragraph 19, except Federal Defendants deny that Taylor Energy's alleged efforts were "unprecedented" or undertaken "promptly." Federal Defendants admit the allegations in the first half of the second sentence of Paragraph 19, that the plan involved drilling intervention wells. Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in the second half of the second sentence of Paragraph 19, that drilling intervention wells was the "only means" of plugging and abandoning the wells, and on that basis deny them.

20. Federal Defendants admit that Taylor Energy and the Minerals Management Service entered the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, in 2008. The remainder of the allegations in Paragraph 20 purport to characterize the Agreements, which

speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the agreements.

21. The allegations in Paragraph 21 purport to characterize the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. Plaintiffs deny any allegation inconsistent with the plain language or meaning of the agreements.

22. The allegations in Paragraph 22 purport to characterize the "Bond Agreement," as defined in Paragraph 1 of Plaintiff's Complaint, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the agreement.

23. The allegations in Paragraph 23 are ambiguous, but apparently purport to characterize either the "Bond Agreement" alone, or all of the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the agreements.

24. The allegations in Paragraph 24 purport to characterize the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. Plaintiffs deny any allegation inconsistent with the plain language or meaning of the agreements.

25. The allegations in Paragraph 25 purport to characterize the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. Plaintiffs deny any allegation inconsistent with the plain language or meaning of the agreements.

26. The allegation in the first clause of the first sentence of Paragraph 26, that Taylor Energy's actions were "[i]n compliance with the Agreements," is a legal conclusion that requires no response. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 26. Federal Defendants admit the allegations in the second sentence of Paragraph 26, except Federal Defendants deny Plaintiff's characterization of trust funds as "Taylor Energy's . . . funds." The allegations in the third sentence of Paragraph 26 is a legal conclusion that requires no response. To the extent a response is required, Federal Defendants deny the allegations, and deny any allegations inconsistent with the plain language or meaning of the agreements.

***A. The 2009 Decision***

27. Federal Defendants admit that in August 2009 BOEM maintained Taylor Energy was not entitled to offset certain supplemental deposits, but deny that this was in violation of the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint. Federal Defendants deny the allegations in the second sentence of Paragraph 27.

28. Federal Defendants admit that Taylor Energy documented its proposed process, but deny that Taylor Energy's process would fully fund the trust account and allow Taylor Energy to retain insurance proceeds. Federal Defendants admit the allegations in the second sentence of Paragraph 28, except that Federal Defendants deny BOEM's interpretation of the "Agreements" was erroneous and unlawful.

29. Federal Defendants admit BOEM issued a decision on August 28, 2009, which decision speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of that decision.

30. The allegations in the first and second sentences of Paragraph 30 purport to characterize BOEM's August 28, 2009 decision, which speaks for itself and is the best evidence

of its contents. Federal Defendants deny any allegation inconsistent with the plain language or meaning of the decision. The allegations in the third and fourth sentences of Paragraph 30 are Plaintiff's characterizations or legal conclusions, both of which require no response. To the extent a response is required, Federal Defendants deny the allegations.

31. The allegations in Paragraph 31 are Plaintiff's characterization and legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

***B. The 2011 Decision***

32. Federal Defendants' admit the allegations in Paragraph 32, but deny Plaintiff's characterization of trust funds as "[Taylor Energy's] own funds."

33. Federal Defendants admit that on November 7, 2011 BOEM denied Taylor Energy's request for disbursement of Trust Account funds. The remaining allegations in Paragraph 33 constitute Plaintiff's characterization of its claim, which requires no response.

34. The allegations in Paragraph 34 consist of legal arguments and conclusions, which require no response, or purport to characterize BOEM's 2011 decision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny each of the allegations.

35. The allegations in Paragraph 35 consist of legal arguments and conclusions, which require no response, or purport to characterize the parties' rights and obligations under the "Agreements," as defined in Paragraph 1 of Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny each of the allegations.

36. The allegations in Paragraph 36 consist of legal arguments and conclusions, which require no response, or purport to characterize BOEM's 2011 decision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny each of the allegations.

### ***C. The IBLA Decision***

37. Federal Defendants admit that Taylor Energy appealed BOEM's 2009 and 2011 decisions to the IBLA, and that the IBLA affirmed those decisions on October 29, 2018. The remainder of the allegations in Paragraph 37 constitute legal conclusions, to which no response is required.

38. The allegations in Paragraph 38 consist of legal arguments and conclusions, which require no response, or purport to characterize the IBLA's 2018 decision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny each of the allegations.

## VI. CAUSE OF ACTION

39. Federal Defendants incorporate by reference each of their responses set forth above.

40. The allegations in Paragraph 40 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny each of the allegations.

41. The allegations in Paragraph 41 are Plaintiff's characterization of its case and consists of legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

**RESPONSE TO REQUEST FOR RELIEF**

The remaining paragraphs of Plaintiff's Complaint consist of its request for relief, to which no response is required; to the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief, or any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any allegations of Plaintiff's Complaint whether express or implied, that are not expressly admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim for which relief can be granted for some or all of its claims.

2. One or more of Plaintiff's claims are barred by the statute of limitations.

3. Some or all of Plaintiff's claims in this action are barred by reason of failure to exhaust administrative remedies.

4. To the extent Plaintiff presents to the Court any issue or contention which is contrary to any position taken by Plaintiff in prior litigation or administrative proceedings, Plaintiff has waived or is estopped from presenting any such issue, or contention or claim.

Dated: March 4, 2019

Respectfully Submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr. (Va. Bar No. 84321)
Trial Attorney
601 D St. NW, 3rd Floor
Washington, D.C. 20004
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of March, 2019 I served a copy of the foregoing electronically via the court's ECF system on all counsel of record.

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr.