JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
THOMAS W. PORTS, JR.
601 D St. NW, 3rd Floor
Washington, D.C. 20004
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANNA

| | |
|---|---|
| TAYLOR ENERGY CORPORATION LLC, | |
| Plaintiff, | CASE NO. 2:18-cv-14065 |
| v. | Honorable Jane Milazzo |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | Magistrate Judge Michael North |
| Defendant. | |

**FEDERAL DEFENDANTS' RESPONSE TO TAYLOR ENERGY'S
MOTION TO COMPEL AND STRIKE**

Federal Defendants submit the following response to Taylor Energy Corporation LLC's ("Taylor Energy") Motion to Compel and Strike, and respectfully request this Court deny that Motion as moot, or hold that Motion in abeyance pending submission of Federal Defendants' Motion for Leave to Amend their Answer. Federal Defendants promptly and repeatedly expressed to Taylor Energy that they were considering its concerns, and said they were willing to work toward a good faith resolution that could avoid burdening the court. Instead, Taylor Energy threatened sanctions and raced to file its motion before Defendants could finalize a position.

## BACKGROUND

On March 4, 2019, Federal Defendants filed their Answer to Taylor Energy's Complaint, ECF No. 16, which Complaint seeks judicial review of a decision by the Interior Board of Land Appeals. ECF No. 1. The vast majority of the Complaint consists of pure legal arguments or conclusions, document characterizations, or characterizations of Taylor Energy's claim. *See* ECF No. 1. In response, the vast majority of the paragraphs in Federal Defendants' Answer contain statements that a written decision or statute "speaks for itself and is the best evidence of its contents," or that "characterizations [and] legal conclusions . . . require no response," in addition to Federal Defendants' answers that they "deny any allegation inconsistent with the plain language or meaning of the decision" or "[t]o the extent a response is required, Federal Defendants deny the allegations." *See, e.g.*, ECF No. 16 at 7-8, ¶ 30. Where a paragraph contains only factual allegations, Federal Defendants state they admit, deny, or lack sufficient information about the allegations, without additional language. *See, e.g.*, ECF No. 16 at 5, ¶ 18.

Eight days after Federal Defendants answered, on Tuesday March 12, 2019, counsel for Taylor Energy sent a letter asserting the Answer was deficient and demanding that Federal Defendants file an amended answer "by close of business [that] Friday, March 15, 2019." ECF No. 17-5 at 1. Federal Defendants responded within two hours, saying they would review the cases cited and be in touch once they had a position. *Id.* at 4. Two days later, Federal Defendants sent a follow up email letting Taylor Energy know they were considering its letter, but likely would not have a position by the next day—Taylor Energy's requested date—and that Federal Defendants expected to be in touch the following week. *Id.*

Taylor Energy responded immediately, characterizing the email as "more delay," stating it would seek relief from the Court on Monday, and citing Rule 11. *Id.* Federal Defendants

responded the same day stressing they were giving the letter "sincere consideration" and were

"willing to come to a resolution" if appropriate, but this would require time for more research,

explaining:

> I have always understood that a complaint's factual allegations require a response (admit, deny, lack information/too vague), but its legal conclusions, characterizations of plaintiff's claim, characterization of documents, etc., do not require a response. I therefore ran a search, and I immediately found cases supporting this understanding. *See, e.g.*, *Walker-Cook v. Integrated Health Res., LLC*, No. CIV. 12-00146 ACK, 2012 WL 4461159, at *4 (D. Haw. Aug. 10, 2012), *report and recommendation adopted*, No. CIV. 12-00146 ACK, 2012 WL 4461414 (D. Haw. Sept. 25, 2012) . . . .
>
> I also thought it possible that practitioners in the Eastern District of Louisiana may do things differently than I'm accustomed and, whatever is legally permissible aside, I should consider accommodating local practice. So I pulled the most recently filed answer I could find from a case in the Eastern District of Louisiana where you appear to be lead counsel. Although the answer in that case differs somewhat in style from the answer in this case, they appear to be the same in substance. For example, the answer in that case says, "The allegations in Paragraph 14 of the First Amended Complaint are denied because the terms of the referenced agreement speak for themselves," *Shell Offshore Inc. v. Freeport-McMoran Oil & Gas LLC*, No. 2:17cv9695 (E.D. La. Apr. 2, 2018) ECF No. 61 at 2, whereas the answer here would likely have been phrased along the lines of "The allegations in Paragraph 14 purport to characterize an agreement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language or meaning of the agreement." The *Shell Offshore* answer also takes the position that responses to legal conclusions are not necessary. *E.g.*, *id.* at 2 ("The remainder of the allegations state a legal conclusion to which no response is required."). This further supports my view that the matter requires more research and consideration.

*Id.* at 3. And Federal Defendants concluded by reiterating they were nonetheless giving Taylor

Energy's letter "sincere consideration" and stating their "hope [that] Taylor Energy [was]

interested in seeing whether [the parties could] come to a good faith resolution in a reasonable

amount of time." *Id.*

Despite Federal Defendants' response, Taylor Energy filed its Motion to Compel and Strike on March 18, 2019. ECF No. 17. The Motion is set for submission on April 10, 2019, ECF No. 17-3, and Federal Defendants response is due April 2, 2019, LR 7.5.

## DISCUSSION

Plaintiffs' motion is premature, unnecessary, and should either be denied as moot or held in abeyance. Federal Defendants advised Taylor Energy on March 14 that they were willing to come to a resolution if appropriate, but would require a reasonable amount of time to research the relevant case law. Consistent with that representation, Federal Defendants completed their research shortly thereafter and have opted to seek leave to file an amended answer—including revised affirmative defenses—to address Taylor Energy's concerns while also conserving the parties' and the Court's resources. If leave is granted, the amended answer will render moot Taylor Energy's Motion.[1] Nonetheless, because Taylor Energy has requested sanctions despite Federal Defendants' stated willingness to consider its position and a possible resolution, Federal Defendants also provide a brief discussion of the law.

Federal Rule of Civil Procedure 8(b) provides, "*In General*. In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." There appears to be no binding authority that defines whether legal conclusions, arguments, and characterizations of written documents contained in a complaint are "allegations" that a party must admit or deny. District courts, however, have come out on all sides of this question.

---

1.      Taylor Energy's own representations concede that its motion was unnecessary, and that an order granting Federal Defendants leave to amend their Answer would moot the motion.  Specifically, Taylor Energy advised Federal Defendants on the same day it filed its motion that, if Federal Defendants "agree[d] with the relief requested in the Motion, [Taylor Energy was] willing to advise the Court and postpone taking the Court's time pending receipt of proper amended pleadings."

Some courts have ruled a defendant need not respond to legal conclusions or characterizations. For example, in *Khepera-Bey v. Santander Consumer USA, Inc.*, the court stated "[n]o response is required to legal conclusions in a complaint; a defendant is only required to respond to factual allegations." No. CIV. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) (internal quotation marks omitted). The court went on to say, "[t]hat the terms of documents attached to the amended complaint 'speak for themselves,' is an acceptable response—it means [the defendant] admits that the attachments contain the information that they appear to contain." *Id.* Accordingly, the court explicitly ruled the challenged "answer satisfied Rule 8(b)." *Id.*

Other courts have taken a more nuanced approach. In *McBurney v. Lowe's Home Centers, LLC*, the court considered responses like the ones contained in Federal Defendants' Answer and ruled they are sufficient. No. 1:13-CV-00540-ELJ, 2014 WL 2993087, at *4 (D. Idaho July 2, 2014). There, the plaintiff attacked responses that said his complaint "state[d] a legal conclusion to which [defendant] is not required to respond. To the extent a response is required, [defendant] denies the allegations." *Id.* Considering this response, the court ruled "[s]imply averring that a plaintiff's allegations 'state a legal conclusion to which the defendant is not required to respond' would be insufficient under [Rule 8(b)]. But Defendants went further and denied the allegations to the extent necessary. This is enough to satisfy Rule 8(b)." *Id.*

Still others follow the line of cases that Taylor Energy cites, beginning with *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.* No. 07-CV-1047, 2008 WL 5377712, at *1-2 (E.D. Wis. Dec. 22, 2008). That case stated "Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law'" and "does not permit a defendant to respond that [a] document 'speaks for itself.'" *Id.* (citing, among other

authority, *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995) (". . . a plaintiff in a suit in federal court need not plead facts, he can plead conclusions.")).

None of Taylor Energy's cases explicitly discuss the effect of language in answers like Federal Defendants', or like *Shell Offshore*'s, where a defendant states it need not respond to legal conclusions and also specifically denies the allegations. But two discuss language similar to those answers and order amended pleadings where a defendant says a document speaks for itself and also denies inconsistent allegations. *Ball v. Life Ins. Co. of N. Am.*, No. 3:17-CV-2366-L, 2017 WL 6621539, at *6 (N.D. Tex. Dec. 28, 2017) (*citing Bruce v. Anthem Ins. Companies, Inc.*, No. 3:15-CV-0353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015)).[2]

Considering the above, Federal Defendants do not believe litigating whether to amend their complaint is worth the parties' or the Court's resources. Accordingly, Federal Defendants will seek leave to amend their Answer on or before April 4, 2019.  Federal Defendants respectfully request that the Court deny Taylor Energy's motion on that basis, or that the motion be held in abeyance.

Finally, insofar as Taylor Energy seeks sanctions, no sanctions are appropriate here.  See ECF No. 17-1 at 7 (seeking an award of attorney fees and costs).  As a threshold matter, Rule 11(c)(2) provides that any motion for sanctions based on an alleged violation of Rule 11(b) must

---

2.       As noted above, this approach is not universal. *See U.S. ex rel. Minge v. TECT Aerospace, Inc.*, No. CIV.A. 07-1212-MLB, 2011 WL 2473076, at *2 (D. Kan. June 21, 2011) ("Plaintiffs take issue with defendants' inclusion at several points in the Answers to the fourth Amended Complaint that 'the document speaks for itself' . . . Plaintiffs' argument is without merit, and lacks support in case law. Although plaintiffs are correct that this response, standing alone, would not meet the requirements of Rule 8, defendants also made admissions and denials as they deemed necessary given the substance and extent of the allegations in each paragraph. Furthermore, with respect to requests for admissions, the District Court in Kansas held that 'a document speaks for itself, and the court can see no purpose in submitting requests for admission about what is or is not said in a document.' Defendants fairly responded to the substance of the allegations." (internal citations omitted)).

be made separately, and may be filed only if the challenged pleading is not withdrawn or corrected within 21 days of service.  None of these requirements have been satisfied.  To the extent Taylor Energy denies having moved for sanctions—and takes the position that it merely invited the Court to impose them *sua sponte*—there is no basis for a Rule 11(b) violation.

## CONCLUSION

Wherefore, Federal Defendants respectfully request this Court deny Taylor Energy's Motion as moot, or hold the Motion in abeyance pending Federal Defendants' motion for leave to file an amended answer, and that it deny Taylor Energy's request for sanctions.

Dated: April 1, 2019                          Respectfully Submitted,

                                              JEAN E. WILLIAMS
                                              Deputy Assistant Attorney General

                                              */s/ Thomas W. Ports, Jr.*
                                              Thomas W. Ports, Jr. (Va. Bar No. 84321)
                                              Trial Attorney
                                              601 D St. NW, 3rd Floor
                                              Washington, D.C. 20004
                                              Tel: (202) 305-0492
                                              Fax: (202) 305-0506
                                              thomas.ports.jr@usdoj.gov

                                              *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of April, 2019 I served a copy of the foregoing

electronically via the court's ECF system on all counsel of record.

_/s/ Thomas W. Ports, Jr._
Thomas W. Ports, Jr.