UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAYLOR ENERGY COMPANY LLC,** | * | CASE NO.: 2:18-cv-14065 |
| | * | |
| **Plaintiff,** | * | JUDGE MILAZZO |
| | * | |
| V. | * | MAGISTRATE NORTH |
| | * | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, RYAN ZINKE, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, AND THE BUREAU OF OCEAN ENERGY MANAGEMENT, | * | |
| | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TAYLOR ENERGY COMPANY LLC'S MEMORANDUM IN
SUPPORT OF MOTION TO TRANSFER IN THE INTEREST OF JUSTICE**

This memorandum is submitted on behalf of Plaintiff, Taylor Energy Company LLC ("Taylor Energy"), in support of its Motion to Transfer in the Interest of Justice, which, pursuant to 28 U.S.C. §1631, seeks to transfer this action to the United States Court of Federal Claims because it is now apparent that this Court lacks subject matter jurisdiction to entertain Taylor Energy's Complaint herein.

**I.  FACTS AND PROCEDURAL HISTORY**

  **A.  The EDLA Suit**

On December 20, 2018, Taylor Energy filed this action against the United States Department of the Interior ("Interior") and the Bureau of Ocean Energy Management ("BOEM"), under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA") and 28 U.S.C. § 1331 (the "EDLA Suit") seeking judicial review of certain administrative decisions of Interior through the Interior Board of Land Appeals ("IBLA"), and through BOEM (formerly known as the U.S.

Minerals Management Service ("MMS"), involving the decommissioning of oil and gas facilities previously operated by Taylor Energy at Mississippi Canyon Block 20 ("MC20") in the Gulf of Mexico. (Rec. Doc. 1).

In this action, pursuant to the APA, Taylor Energy seeks judicial review of the IBLA's October 29, 2018 final agency action ("IBLA Decision") which involved interpretation of three related agreements involving MC20: (1) a March 19, 2008 Trust Agreement ("Trust Agreement"); (2) an Agreement to Provide Additional Bond ("Bond Agreement"); and (3) an Agreement Between Taylor Energy and the MMS to Implement Article IV-Disbursements of the Trust Agreement ("Disbursement Agreement") (collectively, "Agreements"). Taylor Energy entered into all three of the Agreements as part of a "settlement" with the MMS to fund certain defined "Obligations" under the Trust Agreement to decommission oil and gas facilities destroyed at MC20.

Specifically, Taylor Energy seeks review of the IBLA Decision that affirmed two BOEM decisions related to BOEM's interpretation of the Agreements: (1) BOEM's August 28, 2009 decision ("2009 Decision") in which BOEM took the position that Taylor Energy was required to deposit supplemental funds into the Trust Account and "reimburse" the Trust Account for "duplicative" insurance proceeds received; and (2) BOEM's November 7, 2011 decision ("2011 Decision") denying Taylor's Energy's request for disbursement of Trust Account funds related to rig down time, a necessary cost related to securing a continuous contract for a drilling rig required to decommission the wells.

Taylor Energy maintains that BOEM's 2009 and 2011 Decisions were arbitrary, capricious, and not in accordance with law and improperly denied Taylor Energy a $10,433,905.12 disbursement of its own funds from the Trust Account.

In a footnote in the Complaint in the EDLA Suit, Taylor Energy disclosed that because Taylor Energy's claims related to Defendants' violation of the Agreements, Taylor Energy had also filed suit against Defendants in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491 et seq. (Rec. Doc. 1, ¶ 1). Taylor Energy further stated the EDLA Suit was filed in an abundance of caution in the event jurisdiction is determined to be improper in the Court of Federal Claims and that Taylor Energy intended to seek a stay of this proceeding pending that determination. *Id.*

### B. The United States Court of Federal Claims Suit

Accordingly, a few minutes later on the same day that Taylor Energy filed the EDLA Suit, Taylor Energy filed a second suit entitled "Complaint For Breach Of Contract" in the United States Court of Federal Claims ("COFC") pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) styled as *Taylor Energy Company LLC v. United States Department of the Interior, Ryan Zinke, in his official capacity as Secretary of the United States Department of the Interior, and the Bureau of Ocean Energy Management*, United States Court of Federal Claims, Case No. 18-1949C (the "COFC Suit"). *See* Ex. A (COFC Suit Rec. Doc. 1). The COFC Suit involved the same operative facts as the EDLA Suit. As in the EDLA Suit, in a footnote in the Complaint in the COFC Suit, Taylor Energy advised the COFC that it had filed a substantially similar lawsuit against the same defendants in the EDLA Suit under the APA. *See* Ex. A at ¶5 n.2. Taylor Energy further explained "[t]hat the EDLA Suit was filed in an abundance of caution in the event jurisdiction in this Court under the Tucker Act is deemed to be improper" and that "Taylor Energy intends to seek a stay of the APA proceeding pending this Court's determination of subject matter jurisdiction." *Id.*

Before Taylor Energy had the opportunity to file its planned motion to stay in this Court, however, on February 15, 2019, Defendants in the COFC Suit filed a Motion to Dismiss for lack

of subject matter jurisdiction on the grounds that pursuant to 28 U.S.C. § 1500,[1] the COFC lacked jurisdiction to entertain Taylor Energy's Complaint because, before filing its Complaint in the COFC, Taylor Energy had filed the EDLA Suit which was a substantially similar lawsuit involving the same operative facts.  *See* Ex. B (COFC Suit Rec. Doc. 6).

At the time that Taylor Energy filed the EDLA Suit and the COFC Suit, it was aware that there appeared to be a complex issue of what court was the court of proper subject matter jurisdiction to entertain its claims, that is, an APA action in which the district court had jurisdiction, or a Tucker Act action in which the COFC had exclusive jurisdiction.  Because the timeframe for Taylor Energy to file an APA action would expire on January 27, 2019, in an abundance of caution, and in good faith Taylor Energy filed one suit in the district court (this Court) and one suit in the COFC, noting in both suits that it anticipated staying the district court suit.[2]

After receiving Defendants' Motion to Dismiss, Taylor Energy, upon independent review, determined that because Taylor Energy had effectively filed the EDLA Suit several minutes prior to the filing of the COFC Suit, pursuant to 28 U.S.C. § 1500, it could not validly oppose Defendants' Motion to Dismiss.  *See Davis v. United States*, 642 F. App'x 982, 983-84 (Fed. Cir. 2016).  In *Davis,* the plaintiff filed suit in district court alleging a claim under the APA.  The

---

[1] The statute at 28 U.S.C. § 1500 states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

[2] This timeframe explains why dismissal of this suit, rather than transfer, would be prejudicial to Taylor Energy.

plaintiff then filed suit in the COFC alleging a claim under the Tucker Act. In determining whether the COFC had subject matter jurisdiction, the Federal Circuit found that the suits were based on the same operative facts, noting that apart from the jurisdictional allegations, the sets of facts in both suits were virtually identical. In so ruling, the court relied on the United States Supreme Court's decision in *United States v. Tohono O'Odham Nation* which held that "two lawsuits are 'for or in respect to' the same claim(s) if 'they are based on substantially the same operative facts, regardless of the relief sought in each suit.'" *Id.* at 984 (quoting 563 U.S. 307, 317 (2011)). Accordingly, the court held that the COFC's subject matter jurisdiction was barred pursuant to § 1500 even though the suits requested different relief. *Id.* at 985; *see also Res. Invs., Inc. v. United States*, 114 Fed. Cl. 639, 643-44 (2014) ("The Court [in *Tohono*] held that § 1500 applies even if the various jurisdictional statutes passed by Congress over the years have the cumulative effect of compelling an aggrieved party to seek equitable relief in one court and monetary relief in another court. In so ruling, the Court directly overturned the opinion of the United States Court of Appeals for the Federal Circuit [in *Loveladies*] that § 1500 does not apply unless "the claim pending in another court" also requests "the same relief."); *Ministerio Roca Solida v. United States*, 778 F.3d 1351, 1355-56 (Fed. Cir. 2015) ("*Loveladies'* holding that § 1500 does not preclude Claims Court jurisdiction so long as the 'pending action in another court seeks distinctly different relief,' was effectively overruled by *Tohono*.").

Accordingly, in response to Defendants' Motion to Dismiss in the COFC Suit, Taylor Energy stipulated to the dismissal of its claims against Defendants in the COFC without prejudice, expressly reserving any and all substantive and procedural rights it may have, including but not limited to, the right to refile this suit in the COFC after dismissal and/or the right to request that the EDLA Suit be transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. *See*

Ex. C (COFC Suit Rec. Doc. 8); see also *UNR Indus. V. United States*, 962 F.2d 1013, 1022 (Fed. Cir. 1992) (providing for the remedy of transfer in the interest of justice in the exact situation presented here).  On March 13, 2019, the COFC dismissed Taylor Energy's Complaint in the COFC Suit without prejudice pursuant to Fed. Rule Civ. P. 41(a)(1)(A)(I).  Ex. D.

## II. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER TAYLOR ENERGY'S CLAIMS

Although Defendants in this matter have not contested subject matter jurisdiction in their Amended Answer to Taylor Energy's Complaint herein filed on April 18, 2019 (Rec. Doc. 28), based on Taylor Energy's independent research, Taylor Energy believes that this Court does not have subject matter jurisdiction regarding its claims in this matter because in essence the case is a breach of contract case involving the government's incorrect interpretation of agreements with Taylor Energy and its wrongful refusal to pay Taylor Energy $10,433,905.12.  Moreover, by Opinion dated April 9, 2019, the COFC, addressing the same Trust Agreement at issue here, denied Interior's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.[3] Accordingly, the COFC has now found that it has subject matter jurisdiction to address claims under the Trust Agreement.[4]

Two statutes that waive the sovereign immunity enjoyed by the United States are the APA and the Tucker Act.  The APA, 5 U.S.C. § 702, provides that the United States may be named as

---

[3] The COFC then dismissed the case under Rule 12(b)(6) for failure to state a claim.  But, the dismissal on that ground does not affect the continuing validity of the Court's decision that it had subject matter jurisdiction to consider Taylor's claims for monetary relief from agency actions involving Trust Agreement at issue in this matter.  *See Taylor Energy Company LLC v. The United States*, previously pending as proceeding No. 16-12C on the docket of the United States Court of Federal Claims at Rec. Doc. 108 (04/09/19).

[4] At the time the EDLA Suit was filed (December 20, 2018), the COFC had not yet determined whether it possessed subject matter jurisdiction to address claims arising under the Trust Agreement.

a defendant in an action seeking relief *other than money damages* and stating a claim that an agency acted or failed to act under color of legal authority. "Plaintiffs seeking non-monetary relief in the form of judicial review of the actions of federal agencies – often leading to some form of specific relief – may pursue such remedies under the Administrative Procedure Act." Wright & Miller at § 3659. Furthermore, under the APA, only "final agency action for which no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704; *see also* 5 U.S.C. § 702. The Tucker Act, 28 U.S.C. § 1491(a)(1), waives sovereign immunity in its grant of jurisdiction to the United States Court of Federal Claims "to render any judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." As set forth in Wright & Miller, *"[t]he Tucker Act provides the exclusive basis for the assertion of contract claims against the United States."* Wright & Miller at § 3657 (emphasis added). Moreover, "the Tucker Act authorizes suits against the United States only for money damages, not for declaratory or other various forms of equitable relief." *Id.*

*Amoco Production Co. v. Hodel*, 815 F.2d 352 (5th Cir. 1987) is instructive. Amoco challenged the valuation of royalties due the government from an offshore oil and gas lease. Specifically, MMS informed Amoco that its computation of royalties fell short. *Id.* at 355. Amoco paid the assessed royalties and late charges and subsequently appealed both assessments to the MMS, and thereafter the IBLA, which affirmed the decision of the MMS. *Id.* 355-56. After exhausting its administrative remedies, Amoco appealed the IBLA's decision to the federal district court. Amoco alleged that the district court had jurisdiction over the action under section 23(b)(1) of the OCSLA, 43 U.S.C. § 1349(b)(1), and also under 28 U.S.C. §§ 1331 and 1337. *Id.* 356. The Government challenged the district court's subject matter jurisdiction, asserting that Amoco's

claim was actually a disguised claim for a money judgment and, therefore, jurisdiction lies exclusively in the COFC.

The Fifth Circuit engaged in an extensive discussion of the Tucker Act. It noted that

> [b]ecause adjudication in a federal district court of a lawsuit that falls within the exclusive jurisdiction of the Claims Court would seriously undermine the purposes behind the Tucker Act, courts confronting the issue have consistently held that the Claims Court is the sole forum for the adjudication of such a claim, even though the claim would otherwise fall within the coverage of some other statute conferring jurisdiction on the district court.

*Id.* at 358 (citations omitted). The court then proceeded with its analysis of whether the district court had jurisdiction over the case by determining the existence of the three conditions set forth in the Tucker Act, which if satisfied, vest subject-matter jurisdiction exclusively in the claims court: (1) the action is against the United States; (2) the action is founded upon the Constitution, federal statute, executive regulation, or government contract; and (3) the action seeks monetary relief in excess of $10,000. The Court found the first two conditions to be clearly satisfied,[5] and engaged in a more thorough analysis of the third condition.

Amoco's complaint asked for three types of relief: (1) a declaratory judgment that the IBLA decision is void and ineffective because it is arbitrary, capricious, an abuse of discretion and is illegal and unconstitutional (Fifth Amendment violation); (2) a remand to the DOI for "proper calculation" of underpaid royalties and interest penalties for late payments; and (3) a permanent injunction against defendants from enforcing or applying the IBLA decision. *Id.* at 361. The court explained that "the substance of the pleadings must prevail over their form" and that "a plaintiff

---

[5] In analyzing the jurisdictional issue, the Fifth Circuit observed that it need not decide whether Amoco's claim was based upon contract (the OCS lease) or upon a federal statute or regulation because, in any event, if it was for monetary relief, then "exclusive jurisdiction over it lies in the Claims Court." *Id.* at 359.

cannot avoid Tucker Act jurisdiction simply by characterizing an action as equitable in nature." *Id.* Ultimately, the court looked to the "essence" of Amoco's claim and concluded that Amoco's "primary objective" was "the return of some of the money it has paid the government for assessed royalties and late fees." *Id.* at 362. The court further noted that "the actual relief resulting from the agency review would be monetary" and that as admitted by Amoco, it seeks "the eventual return of its money and that money would 'flow from,' or be the 'natural consequence' of, a determination that the DOI improperly valued the gas for royalty purposes." *Id.* As a result, the Fifth Circuit determined that the Claims Court had exclusive jurisdiction over Amoco's claim. The Fifth Circuit vacated the district court's judgment and remanded the case with instructions to transfer the case to the Claims Court.

Accordingly, like the suit in *Amoco*, Taylor Energy believes that the present suit is fundamentally a breach of contract suit in which Taylor Energy seeks recovery of $10,433,905.12. Therefore, the COFC has exclusive jurisdiction over this action and this Court does not have subject matter jurisdiction. Taylor's position is also in complete accord with the recent Opinion of the Court of Federal Claims addressing the Trust Agreement.

## III. THIS COURT SHOULD TRANSFER THE CASE TO THE FEDERAL COURT OF CLAIMS IN THE INTEREST OF JUSTICE PURSUANT TO 28 U.S.C. §1631

Because this Court does not have subject matter jurisdiction over this action and it is now apparent that the COFC does, the Court should transfer the case to the COFC which has exclusive jurisdiction over this dispute.[6]

28 U.S.C. § 1631 provides as follows:

---

[6] Once this case is transferred to the Court of Federal Claims, Taylor Energy will seek leave to amend its Complaint to expressly claim breach of contract under the Tucker Act, as was set forth in its Complaint originally filed in the Court of Federal Claims. A copy of Taylor Energy's proposed First Amended and Restated Complaint is attached hereto as Exhibit E.

{N3806843.6}  9

> Whenever a civil action is filed in a court as defined in Section 610 of this title, or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

It is common for federal district courts to transfer cases involving APA claims to the Court of Federal Claims pursuant to Section 1631 on the basis that although the facts involve an APA claim, in substance the claims are Tucker Act claims which exclusively belong in the Court of Federal Claims, not the district court. For example, in *Mitchell v. United States*, 930 F.2d 893, 894 (Fed. Cir. 1991), a former employee petitioned the Air Force Board for the Correction of Military Records to correct his records so that he would be eligible for benefits under 10 U.S.C. § 8911. The Board denied his request and he then initiated an action under the APA. The district court denied the United States' motion to dismiss or in the alternative to transfer to the Claims Court. On appeal, the court vacated. The Federal Circuit held that the APA, 5 U.S.C. § 704, deprived the district court of jurisdiction because the former employee's action was one for monetary relief. 930 F.2d at 897. The court ruled that the former employee's request for back pay placed his action within the Claims Court's Tucker Act jurisdiction. *Id*. Accordingly, the court vacated the district court's order and remanded with instructions to grant the motion to transfer the case to the COFC. *Id*.

Similarly, in *Suburban Mortg. Assocs. v. United States HUD*, 480 F.3d 1116, 1117 (Fed. Cir. 2007), a lender sought a declaration that the government was required to accept assignment of a defaulted mortgage and reimburse the lender for the balance of the loan, asserting claims under the APA, Section 1331, the Declaratory Judgment Act, and the Fifth Amendment. The

government sought to dismiss/transfer the case pending in the District Court for the District of Columbia on the ground that the lender's action was basically a contract action which was within the exclusive jurisdiction of the COFC under the Tucker Act. The District Court denied relief. On appeal, the Federal Circuit held that the lender had an adequate remedy in the COFC, and thus jurisdiction of the action under the APA was precluded. Regardless of the lender's styling of its request for relief as seeking a declaratory judgment, and regardless of whether the requested relief constituted money damages, the lender in essence sought to obtain the financial benefit of a prior contract-based obligation that allegedly was not honored by the government. Thus, the lender could have brought the action in the COFC, and the availability of an adequate remedy precluded APA jurisdiction in a different court. Accordingly, the order denying the government's motion to dismiss or transfer the action was reversed, and the matter was remanded with instructions to either dismiss the claim or transfer it to the COFC.

In *A&S Council Oil Co. v. Abdnor*, 1988 U.S. Dist. LEXIS 19378, *6, 34 Cont. Cas. Fed. (CCH) P75,448, plaintiffs filed suit against the government under the APA seeking to declare an agreement they entered into with the government under the Small Business Act (SBA) a nullity and obtain damages of $15 million. The government argued that plaintiffs' claims were essentially disputes relating to their SBA contracts. Pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a) and 1491, and the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, the District Court for the District of Columbia found that it lacked jurisdiction over plaintiffs' contract based claims. *Id* at *15. The District of Columbia found that plaintiffs were clearly seeking money damages for loss of profits. *Id.* at *17. As such, they are barred from obtaining under the APA the relief that would be available under the Tucker Act or alternative forms of relief. Accordingly, the court held that

it lacked jurisdiction over plaintiffs' claims, and, pursuant to 28 U.S.C. § 1631, in the interests of justice, transferred the case to the COFC. *Id.*

Where the court determines that it lacks jurisdiction over a matter, it must determine whether the case should be transferred to another district rather than be dismissed pursuant to 28 U.S.C. § 1631. Section 1631 provides that, if the court determines it is lacking jurisdiction in a civil case, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." "[T]he purpose of the transfer statute is to aid litigants who were confused about the proper forum for review and to preserve their right to seek judicial review in that proper forum."' *Salazar-Regino v. Trominski*, 415 F.3d 436, 446, 165 F. App'x 377 (5th Cir. 2005).

It is not imperative that the filing period for the action being considered for transfer to have expired in order for the district court to transfer the case pursuant to Section 1631 rather than dismiss the case. One of the purposes underlying the enactment of Section 1631 is to save time, effort and the expenses of multiple filings. *Ramos-Valez v. United States Dept. of Justice, Office of Justice Programs,* 826 F. Supp. 615 (United States Dist. Ct. for the Dist. of Puerto Rico 1993); *see also TransFirst Grp., Inc. v. Magliarditi* , 237 F. Supp. 3d 444, 458 (N.D. Tex. 2017) ("dismissal of a case, as opposed to transfer, will require a plaintiff to incur new filing fees and other costs, and a dismissal could raise issues regarding limitations. The court can think of no logical reason why a district court that lacks personal jurisdiction should not be allowed to transfer an action to another court, rather than dismiss it, under such circumstances.").

In making this decision, courts have also considered as a factor the conduct of the parties and/or the proper administration of the judicial system. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time

consuming and justice-defeating." *Smylie v. Thaler*, No. 4:12-CV-1826, 2013 U.S. Dist. LEXIS 189437, at *4 (S.D. Tex. July 10, 2013) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). In this case, transfer of this proceeding to the COFC will expedite resolution of the action and avoid further delay in these proceedings. *See Pfister v. Selling Source, LLC,* D. Nev. 2013, 931 F.Supp.2d 1109; *Ruiz v. Mukasey,* C.A. 2009, 552 F.3d 269 (judicial economy and no purpose would be served by forcing plaintiff to start the action over).

Finally, because the COFC has just found that it possesses subject matter jurisdiction to address claims against the government, this matter should be transferred to the COFC. Therefore, to avoid further delays, costs, and inconvenience to the parties and the courts, it is in the interest of justice that this case should be transferred to the COFC.

                    Respectfully submitted,

By: */s/ Carl D. Rosenblum*
Carl D. Rosenblum, T.A. (La. Bar No. 2083)
Edward D. Wegmann (La. Bar No. 13315)
Alida C. Hainkel (La. Bar No. 24114)
Lauren C. Mastio (La. Bar. No. 33077)
Allison B. Kingsmill (La. Bar. No. 36532)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8296
Facsimile: (504) 589-8296
crosenblum@joneswalker.com
**Counsel for Taylor Energy Company LLC, Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of April, 2019, a true and correct copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.

*Carl D. Rosenblum*