UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAYLOR ENERGY COMPANY LLC,** | * | **CASE NO.: 2:18-cv-14065** |
| | * | |
| **Plaintiff,** | * | **JUDGE GUIDRY** |
| | * | |
| V. | * | **MAGISTRATE NORTH** |
| | * | |
| **UNITED STATES DEPARTMENT OF THE INTERIOR, RYAN ZINKE, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, AND THE BUREAU OF OCEAN ENERGY MANAGEMENT,** | * * * * * * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION AND INCORPORATED MEMORANDUM TO RESET
<u>ORAL ARGUMENT ON MOTION TO TRANSFER IN THE INTEREST OF JUSTICE</u>**

NOW COMES Taylor Energy Company LLC ("Taylor Energy"), through undersigned counsel, which respectfully moves this Honorable Court to reset oral argument on its Motion to Transfer in the Interest of Justice for the following reasons:

I.

On April 26, 2019 Taylor Energy filed a Motion to Transfer in the Interest of Justice (Rec. Doc. 30) ("Motion to Transfer") because it is now apparent that this Court lacks subject matter jurisdiction to entertain the Complaint that initiated this proceeding.

II.

Rather, as made clear by a recent ruling of the United States Court of Federal Claims ("COFC") dated April 9, 2019 that addressed the identical Trust Agreement at issue in this proceeding, the COFC found that it has subject matter jurisdiction to address claims under that Trust Agreement.

III.

The submission date on the Motion to Transfer was set as of May 22, 2019 and all briefing on the Motion has been concluded.

IV.

By Order dated May 16, 2019, the Court set oral argument on the Motion to Transfer for June 13, 2019 (Rec. Doc. 36).[1]

V.

On May 29, 2019 Defendants filed a Consent Motion to Reschedule Oral Argument (Rec. Doc. 41) for a date in July due to its counsel's unavailability on June 13, 2019.

VI.

However before the oral argument was reset the proceeding was transferred from Judge Milazzo to Judge Vitter (Rec. Doc. 42).

VII.

On June 10, 2019 a Status Conference was held before Judge Vitter where, due to "a potential conflict with this matter," the Motion to Reschedule Oral Argument was granted with a new date for oral argument to be reset at a later date. (Rec. Doc. 44).

VIII.

Subsequently, this proceeding was transferred back to Judge Milazzo (Rec. Doc. 45) and thereafter transferred to Judge Guidry (Rec. Doc. 46).

---

[1] Although Taylor Energy's counsel was planning to raise the status of this pending motion at the in Chambers Status Conference set for July 10, 2019, due to inclement weather that Status Conference was cancelled.

{N3860249.1}

IX.

Accordingly, Taylor Energy respectfully requests that the Court reset oral argument on its Motion to Transfer at the Court's next regularly scheduled hearing date – August 21, 2019.[2]

Respectfully submitted,

By: *s/Carl D. Rosenblum*
    Carl D. Rosenblum, T.A. (La. Bar No. 2083)
    Edward D. Wegmann (La. Bar No. 13315)
    Alida C. Hainkel (La. Bar No. 24114)
    Lauren C. Mastio (La. Bar. No. 33077)
    Allison B. Kingsmill (La. Bar. No. 36532)
    JONES WALKER LLP
    201 St. Charles Avenue, 49th Floor
    New Orleans, Louisiana 70170-5100
    Telephone: (504) 582-8296
    Facsimile: (504) 589-8296
    crosenblum@joneswalker.com

**Counsel for Taylor Energy Company LLC, Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of July, 2019, a true and correct copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.

*s/ Carl D. Rosenblum*

---

[2] The date and deadlines set forth in the Court's Scheduling Order dated May 14, 2019 (Rec. Doc. 33) will likely be affected by the Court's adjudication of the Motion to Transfer.

{N3860249.1}