LAWRENCE VANDYKE
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
THOMAS W. PORTS, JR.
150 M Street, NE, 3rd Floor
Washington, D.C. 20002
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANNA

| | |
|---|---|
| TAYLOR ENERGY CORPORATION LLC, | |
| Plaintiff, | CASE NO. 2:18-cv-14065 |
| v. | Honorable Greg G. Guidry |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | Magistrate Judge Michael North |
| Defendant. | |

**FEDERAL DEFENDANTS' RESPONSE TO
TAYLOR ENERGY COMPANY LLC'S MOTION TO RESET ORAL ARGUMENT**

Federal Defendants respond to Taylor Energy Company LLC's ("Taylor") Motion and Incorporated Memorandum to Reset Oral Argument on Motion to Transfer in the Interest of Justice, ECF No. 47, as follows:

On July 30, 2019, Taylor moved the Court to "reset oral argument on its Motion to Transfer [to be heard] at the Court's next regularly scheduled hearing date – August 21, 2019." Federal Defendants take no position on Taylor's request or on the need for oral argument, but wish to inform the Court that counsel for Federal Defendants has another hearing currently

1

scheduled at 11:00 am on the date Taylor requests, August 21, 2019. Federal Defendants continue to defer to the Court's assessment and determination, as expressed in the July 10, 2019 email from Chambers to all parties, which said "[w]ith regard to the request for oral argument on the pending motion to transfer, Judge Guidry, mindful of Judge Vitter's June 10th status conference minutes, will review the pending motion and determine whether he believes oral argument will be necessary."

In a footnote, Taylor also states "[t]he date and deadlines set forth in the Court's Scheduling Order dated May 14, 2019 (Rec. Doc. 33) will likely be affected by the Court's adjudication of the Motion to Transfer." Federal Defendants agree the existing scheduling order will need to change should the Court deny Taylor's Motion to Transfer, and should Taylor choose to proceed with this case rather than nonsuit and refile in the Court of Federal Claims. This case challenges agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Compl., ECF No. 1 at 1-4. The general scheduling order entered in this case, however, sets deadlines for discovery and trial, which deadlines are not relevant in an Administrative Procedure Act case.[1] *See, e.g.*, *Woods v. Fed. Home Loan Bank Bd.*, 826 F.2d 1400, 1409 (5th Cir. 1987) (recognizing that a court's review in an APA case is "confined to the administrative record"). Instead, any Scheduling Order should set deadlines (1) for Federal Defendants to lodge the administrative record, (2) for Taylor to file any objections to the administrative record, (3) for the parties to file cross-motions for summary judgment based on the record, (4) for the parties to file a joint appendix, and (5) for submission of the cross-motions or oral argument.

---

1. Federal Defendants raised this issue at the May 14, 2019 scheduling conference, *see* ECF No. 32, but the case manager conducting the conference informed counsel that she did not have authority to deviate from the general requirement that she set discovery deadlines and a trial date.

Dated: August 1, 2019						Respectfully Submitted,


							LAWRENCE VANDYKE
							Deputy Assistant Attorney General


							*/s/ Thomas W. Ports, Jr.*
							Thomas W. Ports, Jr. (Va. Bar No. 84321)
							Trial Attorney
							150 M St. NE, 3rd Floor
							Washington, D.C.  20002
							Tel: (202) 305-0492
							Fax: (202) 305-0506
							thomas.ports.jr@usdoj.gov

							*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2019 I served a copy of the foregoing electronically via the court's ECF system on all counsel of record.

                                */s/ Thomas W. Ports, Jr.*
                                Thomas W. Ports, Jr.